(90 South. 764)

No. 25027.

## OLSON v. AMERICAN GUARANTY CO.

### In re OLSON.

(Feb. 6, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Attachment** &#x25C8;193—**Order for deposit for care of property improperly made, without notice required by rules.**

An order requiring an attaching plaintiff to deposit with the sheriff a sum sufficient to take care of attached live stock for a period of 10 days was irregular and illegal, when granted without the 48 hours' notice required by a rule of the court, however urgent and necessary the expenses for the preservation of the property might be.

2. **Attachment** &#x25C8;193—**Sheriff must pay or become responsible for preservation and keeping of attached property.**

Under Act No. 203 of 1898 and Code Prac. art. 283, the sheriff in the exercise of his of-

ficial duties must himself pay or become responsible for necessary disbursements for the preservation and keeping of property seized under attachment.

Suit by Charles F. Olson against the American Guaranty Company. On application by plaintiff for a writ of prohibition. Writ issued and made perpetual.

Thos. E. Furlow, of New Orleans, for relator.

Harris Gagne, of Houma, for respondent.

LAND, J. On October 29, 1921, relator instituted suit in the Twenty-Eighth judicial district court against the defendant, a Delaware corporation, for approximately $5,000; and attached a stock farm of about 1,100 acres, together with a large number of brood sows, pigs, and boars, 13 head of horses and mules, 10 milch cows, and 5 calves.

On November 15, 1921, relator filed a rule on defendant to show cause why said live stock should not be ordered sold as perishable property, under article 261 of the Code of Practice, in order that the proceeds of sale might remain on deposit in the hands of the sheriff until the final decision of the suit, and on November 21, 1921, the judge of said court ordered the live stock to be sold at public auction, according to law, and that the proceeds of the sale should remain on deposit in the hands of the sheriff until the termination of the suit.

Defendant applied to the lower court for a suspensive appeal from the order of sale, which, was granted, over the opposition of relator, on November 25, 1921. Relator then instructed the sheriff in writing that he would not be responsible under any circumstances for other costs or charges than those "exactly necessary in keeping said live stock," since relator was not under any duty to maintain said live stock, in the manner to which they had been accustomed, by keeping each sow and pig in a separate pen, and each male in a separate pen, as there were

under seizure 428 brood sows, 368 pigs, and 14 boars. Relator suggested to the sheriff in this written notice that, as he had 1,100 acres under seizure and under fence, the live stock should be permitted to forage upon the same at a nominal expense, and the cows and the calves and the sows and the pigs should be kept together.

Relator complains that, notwithstanding such instructions, the sheriff on December 6, 1921, filed a rule in this case on relator to show cause why he should not be required to deposit with the sheriff a sum sufficient to take care of said hogs for a period of 10 days from said date, and that the judge of said court, in spite of the rule of said court that all matters of this character must be tried contradictorily, and can be heard only after 48 hours' notice, proceeded to take up said rule, and ordered that plaintiff deposit with the sheriff the sum of $300 for the maintenance of the said live stock for 10 days, within 48 hours, and that, in the event of relator's failure to make said deposit, the sheriff release said live stock from attachment.

[1] Respondent judge in his answer does not deny that said rule was tried in violation of the rules of his court requiring 48 hours' notice to the opposite party, and it is therefore clear that, in the absence of such notice, the order rendered by him requiring relator to make said deposit was irregular and illegal.

[2] There are expenses which the sheriff must necessarily pay himself, or become responsible for, in the exercise of his official duties, and which he has a right to charge for among his costs. Such are the necessary disbursements for the preservation and keeping of the property under seizure. State ex rel. Vial v. Judge, 36 La. Ann. 912; Crusel v. Brooks, 121 La. 243, 46 South. 224; Teutonia Bank & Trust Co. v. Security Brewing Co.,

137 La. 1056, 69 South. 833; Act 203 of 1898; C. P. art. 283.

However urgent and necessary the expenses for the preservation of sequestered property may be, they must be determined in the due course of judicial proceedings and after all legal delays and notices.

It is therefore ordered and decreed that the writ of prohibition issue and be made perpetual.